OA 91 Criminal Complaint

# United States District Court

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
V.
MICHAEL NORTHCUTT

CRIMINAL COMPLAINT

Case Number: 3-07 70767

NJV MEJ

FILED
DEC 28 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state that the following is true and correct to the best of my knowledge and belief. On or about August 15, 2007 (Date) in San Francisco County, in the Northern District of California defendant(s) did,

(Track Statutory Language of Offense)

knowingly possess in and affecting interstate commerce a firearm, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and did knowingly possess with intent to distribute a controlled substance

in violation of Title 18 & 21 United States Code, Section(s) 922(g)(1) & 841(a)(1).

I further state that I am a(n) Special Agent (Official Title) and that this complaint is based on the following facts:

See attached Affidavit of Jonathan Dubin, which is incorporated by reference herein.

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

Approved As To Form: Drew Caputo AUSA

Special Agent Jonathan Dubin
Name/Signature of Complainant

Sworn to before me and subscribed in my presence,

12/28/07
Date

at San Francisco, California
City and State

Honorable Nandor J. Vadas    United States Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

**AFFIDAVIT OF JONATHAN DUBIN**
**IN SUPPORT OF CRIMINAL COMPLAINT**

I, Jonathan Dubin, being duly sworn, depose and say as follows:

1.   I am a special agent for the Federal Bureau of Investigation ("FBI"), where I investigate cases involving violent gangs and drug trafficking activity.

2.   I make this affidavit in support of a criminal complaint charging Michael Northcutt, Jr., ("Northcutt") with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and with possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). As described below, there is probable cause to believe that on August 15, 2007, Northcutt knowingly possessed in and affecting interstate commerce a firearm, specifically a Desert Eagle .357 caliber semi-automatic handgun. As further described below, prior to August 15, 2007, Northcutt was convicted of a crime punishable by imprisonment for a term exceeding one year. There also is probable cause to believe that on August 15, 2007, Northcutt knowingly possessed crack cocaine with the intent to deliver it to another person, as further described above. Based on this probable cause, I respectfully request that an arrest warrant issue for Northcutt.

3.   The purpose of this affidavit is to set forth facts establishing probable cause to support the issuance of the requested arrest warrant. The information contained in this affidavit is based either on my own personal knowledge or on information provided to me by other law enforcement officers. Not all facts known to me are necessarily contained in this affidavit. The affidavit is limited to the facts relevant and necessary to establish probable cause for the requested arrest warrant.

**EXPERIENCE AND TRAINING**

4.   I have been an FBI special agent since 2003. I am presently assigned to the San Francisco office of the FBI, where I investigate cases involving violent crimes and drug trafficking activity. During my employment with the FBI, I have participated in several federal search warrants and arrests involving alleged narcotics trafficking and violent acts. I have received training at the FBI Academy in Quantico, Virginia, on topics such as violent street gangs, criminal case management, informant development, and investigations involving Title III

1  interceptions of wire communications.

## APPLICABLE LAW

2. 5. The crime of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), has three elements. First, the defendant must knowingly possess a firearm. Second, the firearm must have been shipped or transported in interstate or foreign commerce. Third, at the time the defendant possessed the firearm, the defendant must previously have been convicted of a crime punishable by imprisonment for a term exceeding one year.

6. The crime of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), has two elements. First, the defendant must knowingly possess a controlled substance. Second, the defendant must possess the controlled substance with the intent to deliver it to another person. Crack cocaine is a form of cocaine base and is a controlled substance within the meaning of 21 U.S.C. § 841(a)(1).

## KNOWING POSSESSION OF FIREARM

7. On August 15, 2007, at approximately 5:35 p.m., San Francisco Police Department ("SFPD") officers executed a search warrant at the home of Michael Northcutt, Jr. ("Northcutt"), located at 639 Central Avenue in San Francisco. Present at the time of the search were Northcutt; Northcutt's father, Michael Northcutt, Sr., who lived at the same location; and three other people.

8. During execution of the search warrant, the officers found a Desert Eagle .357 caliber semi-automatic handgun in the closet of the bedroom of Northcutt's grandmother, who was in the hospital at the time of the search. After arresting Northcutt, transporting him the police station, and reading him his Miranda rights, the officers asked Northcutt about the handgun they had found in his home. Northcutt denied any knowledge of the gun.

9. SFPD officers subsequently arranged for DNA testing of the gun by a forensic biology laboratory. They submitted to the Serological Research Institute ("SERI") in Richmond, California, swabs taken from two parts of the gun, along with an oral swab sample from Northcutt himself. SERI performed a DNA analysis of the gun swabs and the sample from Northcutt and issued a report on the results on November 5, 2007. From one of the swabs of the

1  gun, SERI recovered DNA that is a mixture from three or more people. SERI concluded that
2  Northcutt is not excluded as the major contributor to the DNA mixture for this first swab and that
3  approximately one man in four quadrillion (4,000,000,000,000,000) would be similarly not
4  excluded. From the other swab of the gun, SERI also recovered DNA that is a mixture from
5  three or more people. SERI concluded that Northcutt is also not excluded as the major
6  contributor to the DNA mixture for this second swab and that approximately one man in 72
7  quintillion (72,000,000,000,000,000,000) would be similarly not excluded.

### INTERSTATE/FOREIGN COMMERCE NEXUS

9   10.   I have reviewed a photograph of the Desert Eagle .357 caliber semi-automatic
10 handgun that was found during the execution of the search warrant at 639 Central Avenue on
11 August 15, 2007. The barrel of the gun is clearly stamped with the words "Made in Israel." I
12 also know from training and experience that Desert Eagle firearms are not manufactured in the
13 state of California.

### PRIOR FELONY CONVICTION

15   11.   I have reviewed documents concerning Northcutt's criminal history, including his
16 San Francisco and California "rap sheets" and certain minute orders from San Francisco Superior
17 Court. Based on my review, Northcutt has multiple previous felony convictions. For purposes of
18 this complaint, I will refer specifically to one previous conviction. In 2001, Northcutt was
19 convicted in San Francisco Superior Court of violating Cal. Health & Safety Code § 11352(a),
20 which prohibits the transport or sale of controlled substances. A violation of Cal. Health &
21 Safety Code § 11352(a) is punishable by imprisonment for a term exceeding one year.

### POSSESSION WITH INTENT TO DISTRIBUTE COCAINE BASE

23   12.   During the execution of the search warrant at 639 Central Avenue on August 15,
24 2007, officers discovered a bag of crack cocaine in Northcutt's bedroom. A subsequent lab test
25 confirmed that the substance tested positive for cocaine base and weighed 5.08 grams.
26   13.   The officers searched Northcutt's person on August 15, 2007, and found more
27 than $1,500 in cash in a pocket of his pants. The money was mostly in small bills and included
28 35 $20 bills, 30 $10 bills, and 52 $5 bills.

3

14.    During his interview with police officers on the day of the search, Northcutt acknowledged that the bag of crack cocaine was his but claimed it was for personal use rather than for sale. Northcutt claimed that he acquired the money found in his pocket from the financial aid office at the school where he was enrolled and from his mother.

15.    Based on my training and experience, the crack cocaine that Northcutt possessed on August 15, 2007, is consistent with an intent to deliver it to another person. The amount of crack cocaine in the bag (in excess of five grams) is more than even a heavy user typically would possess for his or her personal use. While Northcutt claimed that he sprinkled crack cocaine into marijuana or tobacco cigarettes, which he then smoked, there is no evidence that Northcutt is a heavy user of crack cocaine. Northcutt's possession of more than $1,500 in cash, mostly in small bills, is consistent with the proceeds of street-level sales of crack cocaine.

## STATEMENT OF PROBABLE CAUSE

16.    Based on the facts set forth in this affidavit, there is probable cause to believe that Northcutt possessed a firearm on August 15, 2007, in violation of 18 U.S.C. § 922(g)(1). As described above, laboratory tests revealed Northcutt's DNA on the Desert Eagle firearm found in Northcutt's home. The firearm originated outside of California. Prior to August 15, 2007, Northcutt was convicted of a crime punishable by imprisonment for a term exceeding one year. There also is probable cause to believe that Northcutt possessed cocaine base on August 15, 2007, with the intent to distribute that cocaine base. Officers discovered more than five grams of crack cocaine in Northcutt's bedroom. Northcutt acknowledged that the crack cocaine belonged to him. The amount of the crack and Northcutt's possession of more than $1,500 in small bills

4

indicate that Northcutt possessed the crack with the intent to distribute it. Based on this probable cause, I respectfully request the issuance of an arrest warrant for Northcutt.

_____
JONATHAN DUBIN
Special Agent, FBI

Subscribed and sworn to before me this 28th day of December, 2007.

_____
HON. NANDOR J. VADAS
United States Magistrate Judge

5